UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MALIFRANDO,<br><br>          Plaintiff,<br><br>     v.<br><br>REAL TIME RESOLUTIONS, INC., et al.,<br><br>          Defendants. | No.  2:16-cv-0223 TLN GGH PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Plaintiff, proceeding in this action pro se and has paid the filing fee.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Presently before the court is defendant Real Time Resolutions, Inc.'s ("Real Time") amended motion to dismiss, filed March 7, 3016.[1]  (ECF No. 9.)  Plaintiff has filed an opposition, to which Real Time has filed a reply.[2]  Also before the court is plaintiff's motion to amend the complaint, filed May 19, 2016, and re-noticed on July 11, 2016.  (ECF Nos. 13, 16.)  Real Time has not filed a response.  Having reviewed these filings, the court now issues the following order and findings and recommendations.

---

[1] The original motion was filed on March 3, 2016, and improperly noticed on the district judge's calendar.  (ECF Nos. 5, 7.)

[2] The hearing on the motion was vacated on April 22, 2016, and the matter was taken under submission on the papers.  (ECF No. 12.)

FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, filed February 4, 2016, plaintiff on October 11, 2004, obtained a mortgage loan in the amount of $67,000 from Long Beach Mortgage Company[3] ("Long Beach"), which was secured by real property located at 842 Georgia Street, Vallejo, California.[4]  (ECF No. 1 at 5, ¶¶ 3, 17.)  The complaint alleges that defendant Long Beach made false statements on plaintiff's loan application, including fraudulently overstating plaintiff's income on the loan application, falsely listing his employer as MEGALYNX, a company he never worked for, falsely stating plaintiff had an account with Bank of America, and falsely stating that plaintiff owned other real estate worth $834,000.  According to the complaint, Long Beach also forged plaintiff's signature on the loan application.  The complaint further alleges that Long Beach inflated the value of the subject property without conducting a proper audit.  (ECF No. 1 at 4-5.)  Defendant Real Time serviced the loan subsequent to servicer GMAC, and plaintiff eventually could not pay the loan and fell into default, and then was forced to file for bankruptcy protection.  (Id. at 5-6.)  Plaintiff alleges that around April 14, 2015 he sent a Qualified Written Request ("QWR") to Real Time but that Real Time failed to respond in a satisfactory manner. (Id. at 6-7.)

Claims against Real Time are for violations of the Real Estate Settlement Procedures Act ("RESPA") and Fair Trade Commission ("FTC") Act.  The complaint contains additional claims against Long Beach for fraud, misrepresentation, and violation of the FTC Act.[5]  The complaint appears to allege diversity jurisdiction, and seeks injunctive relief to prevent foreclosure on the subject property, an order modifying the terms of the loan to an affordable amount that reflects plaintiff's true income, damages for emotional distress, punitive damages, and attorneys' fees and costs.

---

[3] It appears that Long Beach has been served with process but has not appeared in the action. (ECF No. 4.)

[4] Real Time believes the subject property is at 515 Alabama Street, and that this loan was a home equity line of credit secured by a second deed of trust on the Georgia Street property.  (Mot. to Dismiss, ECF No. 9-1 at 1, n. 1.)

[5] Plaintiff has filed a motion to amend the complaint, and seeks to add fraud and misrepresentation claims against Real Time, among other modifications.

DISCUSSION

    I.      REAL TIME'S MOTION TO DISMISS

        A. Rule 12(b)(6) - Failure to State a Claim

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B. RESPA

The Real Estate Settlement Procedures Act ("RESPA") imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally-related mortgage loan.  12 U.S.C. § 2605(b).  A borrower may obtain such information by submitting a qualified written request or "QWR," which is statutorily defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B); see also 24 C.F.R. § 1024.31(definition of QWR in part "provides sufficient detail to the servicer regarding information relating to the servicing of the mortgage loan sought by the borrower").

Section 2605(e)(1) requires the servicer to provide information relating to the servicing of the loan upon a qualified written request ("QWR") by the borrower.  If a mortgage loan servicer receives a QWR from a borrower, the servicer shall provide a written response acknowledging receipt within five days, 12 U.S.C. § 2605(e)(1); 12 C.F.R. § 1024.36(c), and respond to the inquiry not later than thirty days.  12 U.S.C. § 2605(e)(2); 12 C.F.R. § 1024.36(d).  Requests for information about loan origination and transfer of the loan do not trigger the protections afforded

////

4

1   the borrower under § 2605.  See MorEquity, Inc. v. Naeem, 118 F.Supp.2d 885, 901

2   (N.D.Ill.2000).

3       Plaintiff asserts that he made a QWR to Real Time on April 14, 2015, and that Real Time

4   "failed to respond in a proper and timely way."  (Compl. ¶ 55, ECF No. 1 at 16.)  Specifically,

5   plaintiff alleges that he requested "pertinent documents pertaining to the Loan and requesting

6   documentation detailing updated assignments of ownership or necessary proof of Real Time's

7   custodial servicing obligations to GMAC."  (Compl. ¶ 53, ECF No. 1 at 15.)  According to the

8   complaint, not only did Real Time fail to respond to this request for information, but "also failed

9   to provide evidence of documentation, detailing updated assignments of ownership or necessary

10  proof of their custodial servicing obligations to GMAC per RESPA and FDCPA guidelines

11  surrounding mortgage debt validation."  The complaint also claims that Real Time failed to

12  provide "proof of purchase, affidavit of sale, and proper documentation detailing restructure of

13  assignments to deed of trust.  Furthermore, Plaintiff has received no payment history that would

14  accurately reflect his actual balance."  (Compl.  ¶ 53,  ECF No. 1 at 15-16.)

15      The first basis for Real Time's motion to dismiss the RESPA claim is that plaintiff has

16  failed to plead actual damages.  The complaint alleges only that plaintiff suffered damages as a

17  result of Real Time's failure to respond to Plaintiff's qualified written requests for information,"

18  and seeks "actual, statutory, treble and/or punitive damages…."  (Compl. ¶¶ 56, 57 ECF No. 1 at

19  16.)  Plaintiff's opposition adds no other elucidating information, other than claiming he suffered

20  damages due to Ocwen's failure and that he seeks judgment against Wells Fargo; both entities are

21  not parties to this action.  (Opp'n, ECF No. 10 at 5.)

22      Assuming for the moment that plaintiff's letter to Real Time qualifies as a QWR, this bald

23  conclusion does not sufficiently allege actual damages.  See 12 U.S.C. § 2605(f) (actual damages

24  must have been suffered as a result of the failure).  Plaintiff does not allege what damage he

25  suffered as a result of Real Time's alleged failure to properly and timely respond to his QWR in

26  2015.  In fact, as Real Time points out, plaintiff does not allege that he made any payments to

27  Real Time after he submitted a QWR in April, 2015.  Moreover, plaintiff concedes he was in

28  ////

default on his loan, and that he eventually stopped making payments because he could no longer afford it.[6]  (Compl. ¶¶ 22, 23, ECF No. 1 at 6.)

Real Time contends that plaintiff should not be permitted to amend the complaint because based on plaintiff's admissions as to the content of the QWR, and the fact that he has not incurred damages, he would not be able to cure these defects on amendment.  Although not likely, because it is possible that the insufficient allegations might be cured on amendment and because plaintiff is proceeding in pro per, he will be permitted an opportunity to amend his complaint.[7]  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

An amended complaint must be accompanied by the April 14, 2015 letter plaintiff sent to Real Time which he claims was a qualified written request, along with Real Time's response.  He must also sufficiently allege the actual pecuniary damages suffered, and how Real Time's response to his QWR caused the damages he suffered.  See Lal v. Am. Home Servicing, Inc., 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010) (to comply with RESPA, plaintiff must plead actual damages incurred *as a result of* the failure) (emphasis in original).

Real Time's second basis for its motion to dismiss is that plaintiff has failed to plead that his correspondence to Real Time qualified as a QWR.  Real Time contends that requests for documents proving the bank's authority to service the loan or those pertaining to the servicer's compensation are not properly the subject of a QWR.  According to Real Time's cited case, Sheely v. Bank of America, N.A., 36 F.Supp.3d 1364, 1369 (N.D. Ga. 2014), citing § 2605(e)(1)(A), the QWR must seek "information related to the servicing of the loan."

---

[6] Plaintiff filed for bankruptcy protection in 2012, and that action was closed the same year.  See https://ecf.caeb.uscourts.gov.  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126, 102 S.Ct. 976 (1981).

[7] Plaintiff's motion to amend his complaint, filed May 19, 2016 and renewed on July 11, 2016, will be addressed *infra*.

> And servicing is defined narrowly: "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." § 2605(i)(3); see also 12 C.F.R. § 1024.2.

Id.

However, both the controlling statute and regulatory definitions include "information relating to the servicing of the mortgage" within the ambit of a QWR. See §2605 (e)(1)B) (request contains sufficient details for "other information sought by the borrower"); 12 CFR § 1024-31 (information relating to the servicing of the loan"). While this "relationship" must have some direct nexus with loan servicing, and cannot be construed as having everything and anything to do with a mortgage, the general nature of these words connote something more than an accounting statement. Some of plaintiff's requests, therefore, do not qualify as the subject of a QWR because they seek information about the origination of the loan. Nevertheless, requests for information about Real Time's acquisition of the right to service plaintiff's loan as well as how the mortgage terms permitted Real Time to assume the servicing duties appear to be permitted by § 2605(e)(1)(B) and 12 C.F.R. § 1024.31. Plaintiff's other statements are too vague to make a determination at this stage and require further clarification through an amended complaint. Examples are plaintiff's reference to requesting "pertinent documents pertaining to the Loan" and his statement that he "has received no payment history that would accurately reflect his actual balance." (Compl. ¶ 53, ECF No. 1 at 15-16.) Merely naming a document a QWR does not make it so, as plaintiff seems to suggest in his opposition. Plaintiff does not specify what documents Real Time failed to provide, or whether he requested a payment history and if so, whether he received it or not. Whether plaintiff agrees that his payment history is accurate is not relevant to a QWR under the RESPA. Without a copy of the letter, the court is unable to determine whether the QWR includes a statement of the reasons for the belief of the borrower that the account is in error. 12 U.S.C. § 2605(e)(1)(B). Plaintiff's vague and conclusory allegations fail to meet basic pleading standards. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (plaintiff must allege "enough facts" to state a claim that is "plausible on its face.") (quoting

7

1    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Therefore, Real Time's motion to dismiss is
2    granted in regard to the RESPA claim, but plaintiff shall have leave to amend.[8]

3        On amendment, if plaintiff can allege that he incurred actual damages, and plead details of
4    the QWR, as well as attach a copy of his letter and Real Time's response, consonant with his
5    obligations under Federal Rule of Civil Procedure 11, as well as cure the other deficiencies set
6    forth herein, then he may file an amended complaint.

7        C.   FAIR TRADE COMMISSION ACT

8        Real Time's other basis for its motion to dismiss is that the Fair Trade Commission Act
9    ("FTC") does not provide for a private right of action.[9]  Real Time is correct.  See Izenberg v.
10   ETS Services, LLC, 589 F.Supp.2d 1193, 1201 n. 20 (C.D. Cal. 2008); Gardner v. Nationstar
11   Mortg. LLC, 2015 WL 1405539, at *8 (E.D. Cal. Mar. 26, 2015); Johnson v. Bank of America,
12   2015 WL 7776808 at *4 (C.D. Cal. Nov. 30, 2015).  Only the Federal Trade Commission may
13   file an action to protect against unfair trade practices.  Carlson v. Coca-Cola Co., 483 F.2d 279,
14   280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial
15   remedial power solely in the Federal Trade Commission."); Lemon v. Bear Stearns Residential
16   Mortg. Corp., 2012 WL 2395169, at *5 (C.D. Cal. Jun. 25, 2012).  Based on this authority, the
17   court is prevented from implying a private right of action as plaintiff urges.

18       In opposition, plaintiff argues that even if the court agrees with Real Time, plaintiff
19   should be able to proceed under California's version of this act, Cal. Bus. & Prof. Code § 17200.
20   In reply, Real Time objects to the "bait and switch" tactics of plaintiff, and further argues that all
21   allegations in the complaint are against Long Beach and its agent Masacarte only, with no FTC or
22   UCL claims against Real Time.

23       Plaintiff's FTC claim will be dismissed.  In his amended complaint, plaintiff may attempt
24   to allege a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.
25   Plaintiff is warned, however, that if he is unable to state a federal RESPA claim, the federal

---

[8] Real Time's argument that plaintiff is attempting to delay and prevent foreclosure proceedings, as well as his attempt to force modification of the loan terms, is noted for the record.

[9] This claim contains allegations only against Long Beach, and no allegations against Real Time. (ECF No. 1 at 13-15.)

1 statute from which the state version was created, he will not be able to proceed with this state law
2 claim. See Hacker v. Deutsche Nat. Trust Co., 2015 WL 685595, at *3 (C.D. Cal. Feb. 17, 2015)
3 ("When a plaintiff's UCL claim is based on an alleged violation of law and the court determines
4 that the defendant did not violate the 'borrowed' law, the UCL claim fails.") Furthermore, if this
5 court retains no federal question jurisdiction and plaintiff is unable to show that the amount in
6 controversy exceeds $75,000; see discussion regarding state law claims *infra*; the court will not
7 retain jurisdiction over any state law claims remaining.

### D.  STATE LAW CLAIMS

Plaintiff's state law claims have not been reviewed.  Plaintiff is warned, however, that to allege state law claims without any federal claims in his amended complaint, there must be independent grounds of subject matter jurisdiction.  If plaintiff is unable to cure the defects in his federal RESPA claim as set forth above, there will be no independent federal question jurisdiction and the state law claims would have to be dismissed unless there is diversity jurisdiction.[10]

For diversity jurisdiction, plaintiff is advised that the amount in controversy in loan modification cases is not determined by the total loan amount. Johnson v. Wells Fargo Home Mortgage, 2012 WL 1229880, at *3 (C.D. Cal. Apr. 11, 2012).  The attempt to avoid foreclosure does not warrant the calculation of an amount in controversy that equates to the value of the house. Id.  Here, plaintiff seeks an order preventing defendants from foreclosing on his house and requiring defendants to modify the terms of the loan.  He does not specify the amount of damages sought.  (ECF No. 1 at 16.)  Furthermore, plaintiff has not identified any facts regarding the terms of the requested modification or that it would satisfy the amount in controversy.  The amount in controversy is satisfied where plaintiff would win all his claims as pled. Ahmadi v. First Horizon Home Loan Corp., 2011 WL 1303261, at *3 (D. Nev. Mar. 30, 2011).

---

[10] For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

1       II.    PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

2 Plaintiff filed a motion to amend the complaint on May 19, 2016. Real Time has not filed a response. The motion is defective in failing to notice a hearing date;[11] however on July 11, 2016, plaintiff re-noticed his motion. See E.D. Local Rule 230(b). In any event, the undersigned has completed a cursory review of the motion and the proposed amended complaint and finds that it does not allege significant changes in the FTC or RESPA claims. Although the fraud and misrepresentation claims have been modified to add Real Time to these claims, it is not clear that plaintiff will be able to proceed on the federal claims alleged. If there is no diversity jurisdiction, and there is no federal question jurisdiction because plaintiff cannot state an FTC Act or RESPA claim, then the state law claims would be dismissed. Nevertheless, plaintiff is free to include all proposed modifications in the amended complaint to be filed in accordance with this order.[12] Plaintiff's motion to amend is therefore denied as moot.

      III.    DEFENDANT LONG BEACH MORTGAGE COMPANY

According to the court record, defendant Long Beach was served with summons on February 9, 2016, but has not responded to the complaint. (ECF No. 4.) See Fed. R. Civ. P. 12(a) (responsive pleading due within twenty-one (21) days). Although the complaint concedes that Long Beach had legal troubles, the court can make no pronouncement as to the viability of this defendant until the matter is properly put before the court. Therefore, plaintiff shall file a request for entry of default, followed by a motion for default judgment after the Clerk has entered default.

CONCLUSION

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an

---

[11] Plaintiff had previously noticed the motion on the district court's calendar; however, the hearing was vacated as improperly noticed. (ECF No. 14.)

[12] It does not appear from the facts alleged in the proposed amended complaint that plaintiff can state a fraud or misrepresentation claim against Real Time unless plaintiff can show that Real Time was complicit in the alleged fraud and misrepresentation by Long Beach.

amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS ORDERED that:

1. Defendant Real Time's amended motion to dismiss, filed March 7, 2016, (ECF NO. 9), is granted in part.

2. The complaint is dismissed for the reasons discussed above, with leave to file and serve an amended complaint (but not including a FTC Act claim) within **twenty-eight (28)** days from the date of service of this Order. The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" failure to file an amended complaint will result in a recommendation that this action be dismissed.

3. Within **twenty-eight (28)** days of being served with the First Amended Complaint, defendant Real Time shall file a response.

4. Plaintiff's motion to amend his complaint, filed May 19, 2016 and re-noticed on July 11, 2016, (ECF Nos. 13, 16), is denied as moot. The August 18, 2016 hearing date is vacated from the calendar.

5. Within **twenty-eight (28)** days of this order, plaintiff shall file a request for entry of default with the Clerk for defendant Long Beach Mortgage Company pursuant to Fed. R. Civ. P. 55(a). Within **twenty-eight (28)** days after default has been entered, plaintiff shall file a motion for default judgment in accordance with Rule 55(b)(2). Failure to file these pleadings will result in a recommendation that this defendant be dismissed from the action.

IT IS HEREBY RECOMMENDED that: Plaintiff's Fair Trade Commission Act claim be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days

1  after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties. Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
4  shall be served and filed within ten days after service of the objections. The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2016

                                              <u>/s/ Gregory G. Hollows</u>

                                        UNITED STATES MAGISTRATE JUDGE

GGH:076/Malifrando0223.mtns