UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MALIFRANDO,<br><br>        Plaintiff,<br><br>   v.<br><br>REAL TIME RESOLUTIONS, INC.,<br>et al.,<br><br>        Defendants. | No. 2:16-cv-00223 TLN GGH<br><br>ORDER TO SHOW CAUSE AND ORDER DISALLOWING AMENDMENT OF COMPLAINT |

*Introduction and Summary*

Plaintiff, proceeding pro se in this civil action, filed his complaint against defendants Real Time Resolutions, Inc. ["RTR"] and Long Beach Mortgage Company on December 21, 2015 alleging fraud, misrepresentation, violation of the FTC (Fair Trade Commission) Act and RESPA. ECF No. 1. Plaintiff has been proceeding on the basis throughout the litigation that current and proposed defendants acted unlawfully with respect to the mortgage(s) on the "subject property," 842 Georgia Street, Vallejo, California. ECF No. 1 at 2, 4, *passim*[1] e.g., "On or about October 11, 2004, Charlotte Macasarte…assisted Plaintiff with a loan application that would enable plaintiff to purchase Subject Property." ECF No. 1 at 4. See also ECF Nos. 24 at 1-2, 35 at 24, 41 at 4. Because the "subject property" is, in fact, apparently not the property at issue in this litigation, plaintiff's motion to amend the complaint, which purports to continue this error will be

---

[1] All page numbers correspond to the court's electronic pagination.

1

denied, and plaintiff is ordered to show cause why the action should not be dismissed.

***Order to Show Cause Based on Erroneous Designation of the "Subject Property"***

As set forth above, the subject property was defined as existing at the Georgia Street address, and the loan for that property was placed at issue. However, the loan application exhibit attached by plaintiff to support his February 21, 2017 motion to amend the complaint, ECF 35 references a different property, 515 Alabama St., Vallejo, CA. The proposed Second Amended Complaint, again designating the 842 Georgia St. address as the "subject property," and the alleged offending loan to that property as the loan at issue, nevertheless attaches the 515 Alabama St. loan application document, Exhibit 1, and the document in which plaintiff himself requested defendant RTR to give RESPA information (the gravamen of this lawsuit), on the 515 Alabama St property. Exhibit 3 to the Proposed Second Amended Complaint. RTR responded to this request and referenced the loan number for the 515 Alabama St. property. Exhibit 2 to the Proposed Second Amended Complaint.

In documents to which the undersigned previously allowed judicial notice, the property at issue again indicates that real property at 515 Alabama St. is the property possibly at issue. ECF 22. It may well be that none of the defendants have anything to do with the "subject property" as defined by plaintiff.

Complaints are important documents. They stand as the vehicle to bring the power of the United States judicial system to bear upon persons/entities that have committed a wrong, or conversely, having committed no wrong to the plaintiff, must nevertheless bear expense and turmoil to demonstrate that fact. At the very least, the initial charging document must be thought out and accurate. Plaintiff is therefore ordered to show cause why this action should not be dismissed as being based on a completely inaccurate premise, i.e., that defendants unlawfully enforced, impacted or affected a loan given for the 842 Georgia St. "subject property."

***Motion to Amend***

Clearly, the court would not permit the proposed Second Amended Complaint to be filed given the dispositive inaccuracy in it regarding the loan at issue. However, even if plaintiff were to formally assert that the "subject property" is now in fact the Alabama St. property, the

undersigned would not permit the proposed amended filing as it is clearly barred by law of the case, and also, for the proposed new defendant, a lack of appropriate allegations demonstrating successor liability.

*Procedural History*

On March 3, 2016 defendant RTR moved to dismiss the action, ECF No. 5 and on July 14, 2016 the court issued an Order granting the motion in part by (1) recommending dismissal of the FTC claim with prejudice on the ground that there is no private right of action under the FTC, ECF No. 17 at 8:7-9:7; 11:25-26; (2) dismissing the remainder of the complaint with leave to amend within 28 days of the date of the Order, recommending that the FTC claim be dismissed with prejudice and directing plaintiff to request entry of default and thereafter to move for default judgment as to defendant Long Beach Mortgage Co.,[2] which had been served with the Complaint but had not answered. Id. at 11:20-24. Although the court cautioned the parties that any failure to object to the Findings and Recommendations might waive the right to appeal the District Court's Order, id. at 11:17-12:7, no objections were received. On August 16, 2016, the District Court issued an Order adopting the Findings and Recommendations in full. ECF No. 19.

Plaintiff filed his First Amended Complaint on August 9, 2015, ECF No. 18, and RTR again moved to dismiss on September 6, 2015. ECF No. 20. That Motion was accompanied by a Request for Judicial Notice of various documents related to the loan underlying the action. ECF No. 22. On November 29, 2016 the court entered its Findings and Recommendations on the Motion to Dismiss, ECF No. 33, in which it granted RTR's Request for Judicial Notice, recommended that plaintiff's fraud and misrepresentation claims be dismissed without leave to amend as barred by the applicable California statute of limitations, dismissed all claims against Long Beach Mortgage Company, and directed RTR to file an answer to plaintiff's RESPA claim as it had been "narrowly defined" in the findings and recommendations. Again, the parties were permitted to file objections within 20 days of the service of the Findings and Recommendations

---

[2] Suffice to say Long Beach Real Estate was eventually dismissed by the Court rather than being defaulted for reasons explained in Findings and Recommendations entered on November 29, 2016. ECF No. 33.

3

and warned of the consequences if they failed to do so. RTR filed objections on December 19, 2016, ECF No. 34, and plaintiff followed suit on March 21, 2017. ECF No. 38. Of importance to the instant proceeding is the fact that while plaintiff objected to elements of the Order, *he did not challenge the dismissal of the fraud and misrepresentation claims without leave to amend.* On March 23, 2017 the District Court entered an Order adopting the Findings and Recommendations in full, including the dismissal of the fraud and misrepresentation claims. ECF No. 39.

On March 31, 2017, plaintiff moved for leave to file his Second Amended Complaint, ECF No. 41, and to add Deutsch Bank of Americas Holding Corp. as a defendant. ECF No. 40. RTR opposed the motion on April 19, 2017, ECF No. 42, and filed an Answer to the RESPA Claim in the First Amended Complaint on April 21, 2017. ECF No. 43.

*Factual Background*

  A. *Factual Allegations from the First Amended Complaint*

As they are summarized in this court's Order and Findings and Recommendations of November 29, 2016, ECF 33 at 2:2-3:8 as follows:

> "[The First Amended Complaint] alleges that on October 11, 2004, plaintiff obtained a mortgage loan from Long Beach Mortgage Company[3] ("Long Beach"), which was secured by real property located at 842 Georgia Street, Vallejo, California.[4] (FAC, ECF No. 18 at ¶¶ 3, 13.) According to the FAC, although approving the loan, Long Beach determined that a second mortgage was required in the amount of $67,000 by fraudulently falsifying plaintiff's loan application and income, falsely listing his employer as MEGALYNX, a company he did not work for, falsely stating plaintiff had an account with Bank of America, falsely stating that plaintiff owned other real estate worth $834,000, and forging plaintiff's signature on the loan application. Id. at ¶¶ 15- 21. The FAC further alleges that Long Beach inflated the value of the subject property without conducting a proper audit. Id. at ¶22. Plaintiff alleges that Long Beach "subsequently went out of business" and GMAC thereafter serviced both loans. Id. at ¶¶ 24-25. Plaintiff claims he was unaware of the second loan until sometime after April, 2015 when he submitted a Qualified Written Request ("QWR") to Real Time and received a copy of his original loan application. Id. at ¶ 32. The FAC states that defendant Real Time serviced

---

[3] Long Beach has purportedly been served with process but has not appeared in the action. ECF No. 4. [footnote in original; As indicated above, Long Beach has been dismissed.]
[4] As set forth above, RTR's Request for Judicial Notice, which has not been disputed by plaintiff, indicates that that the subject property securing the loans at issue was plaintiff's "investment property" at 515 Alabama Street, not the Georgia Street property. Plaintiff submitted these schedules under oath in conjunction with his bankruptcy petition. (RJN Ex. C, ECF No. 22 at 17- 18.) [footnote in original; the problem with the "subject property" has been explained at length]

4

the loan subsequent to Long Beach,[5] [but] plaintiff eventually could not pay the loan and fell into default, and was forced to file for bankruptcy protection. Id. at ¶¶ 26-28.

Plaintiff alleges that he has sent QWRs to Real Time but that Real Time failed to respond in a satisfactory manner, including failing to provide updated assignments of ownership, proof of its custodial servicing obligations, "proof of purchase, affidavit of sale, and proper documentation detailing restructure of assignments to deed of trust," as well as payment history indicating plaintiff's actual balance. Id. at ¶ 29.

The FAC contains claims of fraud and misrepresentation against Real Time and Long Beach, and a claim against Real Time for violations of the Real Estate Settlement Procedures Act ("RESPA"). The FAC alleges diversity jurisdiction, and seeks injunctive relief to prevent foreclosure on the subject property, an order modifying the terms of the loan to an affordable amount that reflects plaintiff's true income, damages for emotional distress, punitive damages, and attorneys' fees and costs."

B. *New Factual Allegations From The Proposed Second Amended Complaint*

Plaintiff's proposed Second Amended Complaint, ECF No. 41, is, in major part, a restatement of his original Complaint, ECF No. 1, with the following exceptions which are laid out *in haec verba*.

1. Paragraph 26. "Real Time took over the servicing the second loan subsequent to GMAC; however, Real Time did not contact Plaintiff and failed to send Plaintiff billing invoices until April of 2015. Shortly after the closing of the Second Loan, Long Beach transferred the servicing of the Second Loan to GMAC Mortgage ("GMAC") and subsequently went out of business due to governmental prosecutions for fraudulent activity."

2. Paragraph 31: "Plaintiff originally served the original Complaint in this action on Long Beach, alleging a number of allegations including fraud and misrepresentation. Long Beach has long gone out of business and surrendered its agent for service of process. Plaintiff's failure to properly serve Long Beach has caused the Court to dismiss Long Beach from this action. Long Beach's disappearance has recently caused Plaintiff to diligently search for all successors to Long Beach's securities, given that such successors would be necessary parties to this action."

3. Paragraph 32: "Plaintiffs [sic] research determined that Long Beach's securities had transferred to the failed Washington Mutual, which subsequently transferred the securities to

---

[5] RTR may have serviced the loans subsequent to GMAC, as alleged in the original complaint. See ECF No. 1 at ¶¶ 5-6. [footnote in original]

5

J.P. Mortgage Chase & Co. ("Chase"). Seeking information about the current owner of Long Beach's security interest in the Subject Property, Plaintiff contacted Chase and spoke to Kay Daniel ("Daniel") in its line release department. Daniel informed Plaintiff that Chase has not owed [sic] the security interest at issue since 2012. Furthermore, Chase provided Plaintiff with a letter that demonstrated *that Plaintiff had filed a dispute claiming that an unknown credit account was being attributed to his credit report.* (Emphasis added by court.) See Exhibit 3[6] Such evidence demonstrates Plaintiff's lack of knowledge of the existence of a second mortgage, the crux of its allegations."[7]

    4.    Paragraph 33. "After receiving the information provided by Chase, Plaintiff then contacted the Solano County land recorder's office at 675 Texas Street, Suite 2700, Fairfield, CA 94533 ("Solano County Land Recorder"). Solano County Land Recorder informed Plaintiff that Chase had assigned the second mortgage at issue to Deutsche Bank on May 2, 2012. Furthermore, Solano County Land Recorder contained no records of Greenwich ever owning the loans at issue."

    5.    Paragraph 43i: Following the creation of the fraudulent Second Loan, Long Beach transferred the Second to Chase who subsequently transferred the Second Loan to Deutsche Bank. Deutsche Bank currently ratifies Long Beach's fraudulent behavior and derives a benefit from the fraudulent loan."

    6.    Paragraph 43j: Plaintiff had sought investor information from Real Time with respect to the loan at issue. On or about June 2, 2015, Real Time sent Plaintiff a correspondence alleging that the owner of the debt at issue was Greenwich.[8] Plaintiff has very recently conducted research and an investigation to determine that Greenwich was not listed in the chain of title or

---

[6] It is important to note that this letter, from Washington Mutual to plaintiff, is dated March 6, 2008.

[7] This letter demonstrates that plaintiff had information that put him on notice of difficulty with the subject loan as early as 2008.

[8] Plaintiff himself indicates that the information he received from RTC referred to "Greenwich/GMAC," see Proposed Second amended Complaint at ¶30, thus rendering his claim that RTC concealed or misrepresented the chain of title by referring to Greenwich, at the very least, disingenuous.

any existing title reports with respect to the Subject Property. Real Time provided false and misleading information. Such fraudulent activity puts into question Real Time's legitimacy as a loan servicer of any loan at issue. Plaintiff has discovered that Real Time attempts to distort the chain of title and cause financial injury to Plaintiff. Real Time has been collecting funds from Plaintiff for a supposed loan owner that does not exist."

       7.      Paragraph 51a:[9] Following the creation of the fraudulent Second Loan, Long Beach transferred the Second to Chase who subsequently transferred the Second Loan to Deutsche Bank. Deutsche Bank currently ratifies Long Beach's fraudulent behavior and derives a benefit from that fraudulent loan."

       8.      Paragraph 51b: Plaintiff has sought investor information from Real Time with respect to the loan at issue. On or about June 2, 2015, Real Time sent Plaintiff a correspondence alleging that the owner of the debt at issue was Greenwich. Plaintiff has very recently conducted research and investigation to determine that Greenwich[10] was not listed in the chain of title or any existing title reports with respect to the Subject Property. Real Time provided false and misleading information. Such fraudulent activity puts into question Real Time's legitimacy as a loan servicer of any loan at issue. Plaintiff has discovered that Real Time attempts to distort the chain of title and cause financial injury to Plaintiff. Real Time has been collecting funds form Plaintiff for a supposed loan owner that does not exist."

In addition to the foregoing attempt to replead the fraud and misrepresentation claims against defendant RTR, which were dismissed by this court on the ground they were barred by the applicable statute of limitations, ECF No. 37, without objections having been interjected to that action by either RTR or plaintiff, thus leading to the entry of a final Order on the issue by the District Court on March 23, 2017, ECF No. 39, plaintiff now wishes to add Deutsche Bank Americas Holding Corp. as a newly identified defendant *and* to reinstate his fraud and misrepresentation claims against all defendants.

---

[9] Plaintiff's numbering of paragraph 51 subparagraphs runs from a-g and then repeats the subparagraph numbers a and b a second time following subparagraph g.. It is this second use of subparagraphs a and b on page 15 of ECF No. 41 that is quoted here.

[10] But see n. 8, *supra.*

7

*Discussion*

    A. *Fraud and Misrepresentation Claims against RTR*

    Having had his fraud and misrepresentation claims dismissed as barred by the applicable statute of limitations, plaintiff seeks to revive them in this Second Amended Complaint by claiming newly discovered evidence cures the defect. Plaintiff's reinvented claims are confused at best, and disingenuous at worst, as well as meritless. This latest attempt to state them is barred by law of the case.

> Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court, in the identical case. The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on [reconsideration] is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997) (citations and internal quotations omitted); see Fed.R.Civ.Pro. 54(b) (motion for reconsideration); Local Rule 78–230(k) (requiring motion for reconsideration to set forth "what new or different facts or circumstances are claimed to exist").

United States v. Iron Mountain Mines, Inc., 987 F. Supp. 1224, 1246 (E.D. Cal. 1997). See also Mayweathers v. Terhune, 136 F.Supp. 2d 1152 (E.D. Cal. 2001).

    None of the exceptions to law of the case apply here. Plaintiff continues to argue that he knew nothing of the chain of title related to the loans at issue here until he learned that Long Beach had gone out of business through the litigation of the motions to dismiss. Plaintiff did, however, attach a copy of a letter addressed to him by RTR dated August 4, 2012, reflecting the transfer of collection rights from Greenwich/GMAC[11] to RTR effective August 3, 2012.[12] Even

---

[11] Plaintiff claims that RTR's reference to Greenwich is fraudulent insofar as he found no reference to such an entity when he checked the chain of title on the property at issue. RTR's letter, however, refers to it as an element of the identity of GMAC as the entity that transferred collection rights to RTR. Thus the term Greenwich does not stand alone in RTR's letter and plaintiff knew of the transfer to RTR before he learned of the demise of Long Beach. In any event, misnaming an entity in the chain of title resonates only if the fraud and misrepresentation claims are revived. The court cannot divine, and plaintiff does not explain, how such a possible

8

more telling, per Exhibit 3 to his proposed Second Amended Complaint, discussed above, plaintiff apparently discovered a troubling situation with his loan as early as March 3, 2008. Most telling of all, is that plaintiff filed a bankruptcy petition in 2012 relating the specifics of all his real estate mortgages, including the loan(s) at issue here. (Exhibit 3 to Request for Judicial notice, ECF No. 22, subsequently granted by the court). For plaintiff to assert he "knew nothing about the loan, that it was created wholly without his knowledge, and he did not find out about the purported fraud until 2015 is to simply blink at the stated facts to the contrary.

Thus, there are not "substantially different" facts, no change in the law, other changed circumstances, or any other reason to ignore law of the case.

*B. The Necessary Predicate to Naming a "Loan Owner" defendant other than Long Beach*

Although Plaintiff adequately alleged claims against Long Beach for fraud in his original Complaint, ECF No. 1, and his First Amended Complaint ["FAC"], ECF No. 18, (again assuming arguendo that we are referencing the Alabama St. loans), he has not made sufficient allegations with regard to the newly proposed defendant Deutsche Bank (nor any other defendant) which appears in the proposed Second Amended Complaint.[13]

In essence plaintiff attempts to hold post-Long Beach defendants liable for the fraud of Long Beach as assignees or successors to Long Beach. Such liability does not lie under California Law absent either (1) an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the corporations named, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." Fisher v. Allis-Chalmers Corp. Prod. Liability Trust, 95 Cal.App.4th 1182, 1188 (2002). Plaintiff's sole allegation against Real Time is that it "submitted false and fraudulent documentation in an attempt to validate a

---

clerical issue has any impact on the loans or his liability on loans.

[12] Although this document does not meet the normal criteria for recognition under the Judicial Notice doctrine, that plaintiff's production of and reliance upon the document for factual purposes allows the court to rely upon it.

[13] Plaintiff conflates *loan servicer* entities with *loan owner* entities. Often, loan servicers retained by the loan owner have no ownership interest in the property.

9

fraudulent Second Loan." FAC at 15 at ¶49.[14]  Apparently he is alleging that Deutsche Bank is a serial successor in interest to Long Beach.

As stated above, however, under California law, "a successor company has liability for a predecessor's actions only under the specific conditions listed. See Center Point Energy, Inc. v. Superior Ct., 157 Cal.App.4th 1101, 1120, 69 Cal.Rptr.3d 202 (2007), *quoted* in Silva v. Saxon Mortgage Services, Inc., 2012 WL 2450709 *8 (E.D.Cal. 2012). See also Pajarillo v. Bank of America, 2010 WL 4392551 *2 (S.D.Cal. 2010); Maine State Retirement System v. Countrywide Financial Corp., 2011 WL 1765509 *8 (C.D.Cal. 2011).

Plaintiff has not alleged any of these elements against any defendant beyond Long Beach. Further, under federal law as interpreted by the Ninth Circuit, these claims must meet the requirements of Federal Rule of Civil Procedure 9(b) with regard to the particularity of the claims including specific allegations of fraud that give the defendants notice of the particular misconduct which is alleged to constitute the fraud charge so that they can defendant against it. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  This particularity requirement means the plaintiff must allege how, when, where, to whom and by what means the presentations were made and, when defendant is a corporation, who made the representations, their authority to speak on behalf of the corporation, and when the representations were made. In re GlenFed, Inc. Securities Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994)(en banc).  Where, as here, plaintiff accuses multiple defendants of fraud, a plaintiff must provide each of them with the requisite information as to their specific conduct. Pegasus Holdings v. Veterinary Centers of Am., Inc., 38 F.Supp.2d 1158, 1163 (C.D.Cal. 1998); In re Worlds of Wonder Sec. Litig., 694 F.Supp. 1 427, 1433 (N.D.Cal. 1988). Plaintiff makes no statements regarding any actionable behaviors by the follow on corporations, instead apparently seemingly relying on automatic successor liability of one sort or another.[15]  Since it is clear he cannot so rely, this effort to add new parties must fail.

---

[14]  Inexplicably, plaintiff apparently contends that he had no knowledge of *any* loan when he was making payments to Long Beach. Id.  This causes the court to wonder what he thought he was paying Long Beach for.

[15]  The only express allegation is that found with regard to proposed new defendant Deutsche Bank which is said to have "ratified" the actions of Long Beach and other lenders between Long Beach and Deutsche Bank.  This bald legal allegation is not, however, supported by any facts.

10

*Conclusion*

For the above reasons, plaintiff's motion to amend is denied.

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to file a Third Amended Complaint is denied;

2. Plaintiff shall show cause no later than June 15, 2017 why this action should not be dismissed as being based on a completely inaccurate premise, i.e., that defendants unlawfully enforced, impacted or affected a loan given for the 842 Georgia St. "subject property."

**IT IS SO ORDERED.**

Dated: May 26, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

Malifrando.22.Ord.

11