| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| FRANK MALIFRANDO,<br><br>        Plaintiff<br><br>        v.<br><br>REAL TIME SOLUTIONS, INC.,<br>Et al.,<br><br>        Defendants | No. 2:16-cv-00223 TLN GGH PS<br><br>ORDER |

*PROCEDURAL BACKGROUND*

Plaintiff, appearing in pro se sues for fraud, misrepresentation, violation of agreement and under RESPA, 12 U.S.C. § 2605. ECF No. 1. On March 23, 2017 the court issued an order dismissing the fraud and misrepresentation claims and directed defendant Real Time Resolutions [Real Time] to file an answer to the RESPA claim as it had been narrowly defined in the findings and recommendations, and dismissing defendant Long Beach Mortgage Company from the action. ECF No. 39. Plaintiff thereafter filed a motion to amend, ECF No. 40, together with a second amended complaint on March 31, 2017. ECF No. 41. Real Time opposed the motion to amend on April 19, 2017 and filed an answer to the first amended complaint on April 21, 2017. ECF No. 43. The matter was on the magistrate judge's calendar for hearing on May 4, 2017, but

1

that hearing was vacated and the matter taken under submission on May 1, 2017. ECF No. 44.

On May 2, 2017, plaintiff filed a reply to Real Time's opposition to his motion to amend and affirmatively pled to join Duetsche Bank America Holding Corp. [Duetsche Bank] as an additional party-defendant. ECF No. 45. The request to add Deutsche Bank was set for hearing on the court's vacated May 4, 2017 calendar. Id.

On May 30, 2017 the undersigned issued an Order to Show Cause why the action should not be dismissed insofar as plaintiff purported to predicate his action on a mortgage on property located at 842 Georgia Street, Vallejo, California whereas the documents to which judicial notice had been afforded disclosed that this property was not a subject to the loan at the heart of the action. Indeed, the property subject to the loan was located at 515 Alabama St., Vallejo, California. ECF No. 47 at 2. That Order also addressed plaintiff's Motion to Add Duetsche Bank.

Plaintiff responded to the Order to Show Cause on June 15, 2017.

## DISCUSSION

*The Order to Show Cause*

Plaintiff's response indicated that "[t]he property designation mix-up was the result of a simple clerical error by the *pro se* Plaintiff and should not lead to a dismissal of the action." ECF No. 48 at 2:11-13. Plaintiff also adds "new facts" in an effort to address his seeming ignorance regarding the scope of the mortgages that are the subject of his claims. Id. at 3:13-4:3.[1]

Although the court has no reason not to accept plaintiff's explanation for the misidentification of the subject property as a "mix-up," this explanation fails completely to recognize that which was stated in the court's Order to Show cause, ECF No. 47, at 2:18-24: Complaints are important documents. They stand as the vehicle to bring the power of the United States judicial system to bear upon persons/entities that have committed a wrong, or conversely, having committed no wrong to the plaintiff, must nevertheless bear expense and turmoil to demonstrate that fact. At the very least, the initial charging document must be thought

---

[1] Plaintiff also attaches 43 pages of documents in an effort to support his "new facts," which brings the total volume of his submissions to date to no less than 519 pages collectively.

out and accurate. Plaintiff is therefore ordered to show cause why this action should not be dismissed as being based on a completely inaccurate premise, i.e., that defendants unlawfully enforced, impacted or affected a loan given for the 842 Georgia St. "subject property."

The constantly shifting sands of plaintiff's position and the repetitive increase in the facts asserted and the documents filed to support these new facts in this litigation has engaged both the opposing litigant and this court in a seemingly endless series to motions and orders without moving the litigation forward.

With the hope that the foregoing obligation is now firmly fixed in plaintiff's mind, the court will discharge the Order to Show Cause and allow this matter to proceed on the RESPA claim only in conformity with the Order of the District Court entered on March 23, 2017, ECF No. 39, and reminds plaintiff that the Order dismissed fraud and misrepresentation claims. That dismissal is now the law of the case and no further action can be taken in this court to reframe such claims. See ECF No. 47 at 2:26-3:2.

*The Request to Join Deutsche Bank*

This court discussed the legal deficiency of plaintiff's request to add this party quite thoroughly in its Order to Show Cause. ECF No. 47 at 9:16-10:24. Although plaintiff attached a number of documents to his latest filing, he did not respond to the successor liability issue addressed in the Order, thereby not contesting the court's order on this issue. Therefore, the decision to reject his request to add Duetsche Bank is reaffirmed.

In accordance with the foregoing IT IS THEREFORE ORDERED that:

1. The Order to Show Cause is satisfied;
2. The plaintiff's motion to add Duetsche Bank as a party to the action is denied;
3. This action will proceed solely on the RESPA issue and no further amendment will be allowed.
4. Defendant Real Time's Answer to the surviving RESPA claim, found at paragraphs 48 through 54, is adopted as a final Answer to the complaint;
5. The parties shall meet and confer regarding discovery scheduling within 30 days of service of this Order;

1.    6. Within 30 days of that meeting, or 60 days from the service of this Order, the parties shall submit a joint scheduling statement that addresses the elements found in Eastern District of California Local Rule No. 240 after which a Scheduling Conference may be set.

**IT IS SO ORDERED.**

Dated: June 21, 2017

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE
